UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH EDWARD HEITMAN<br>    Plaintiff,<br><br>  v.<br><br>DAN L. POPE, d/b/a DAN POPE<br>TRUSTEE et al;<br><br>    Defendants. | Case No. 4:11-cv-00170-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Respondents Dan L. Pope d/b/a Dan Pope's Motion to Remand and Motion for Protection from Vexatious Litigant (Dkt. 6). For the reasons set forth below, the Court will grant the Motion.

## ANALYSIS

**1.     Motion to Remand**

On April 20, 2011, Petitioner Ralph Edward Heitman removed this action from state court pursuant to 28 U.S.C. § 1441. In March 2011, Heitman previously sought to remove the same state court in Case No. 4:11-cv-00080-BLW. The Court has ordered that Case No. 4:11-cv-00080-BLW be remanded. For the same reasons, the Court ordered that Case No. 4:11-cv-00080-BLW be remanded, the Court will order that this case be remanded.

To remove an action to federal court, there must be a legitimate basis for the removal establishing original jurisdiction with the district court. 28 U.S.C. § 1441(a). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.,* 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

In this case, Heitman fails to make the necessary showing. Respondents Dan Pope, d/b/a, Dan Pope Trustee (collectively "Pope") initiated the state court litigation in Bear Lake County Case No. CV-2010-000206 to remove a $4,110,000 lien that Heitman had placed on Pope's real property in Bear Lake County. On its face, this claim does not appear to arise under the Constitution, laws or treaties of the United States as required for removal under 28 U.S.C. §1331. Nor does Heitman allege that complete diversity exists or that the amount in controversy exceeds $75,000 in accordance with 28 U.S.C. §1332.

Instead, Heitman seems to argue that this Court has subject matter jurisdiction because the state court judge unfairly sided with Pope and/or Heitman seeks to test a bankruptcy court decision to which he was not a party. Neither of these constitutes a legitimate basis for removal jurisdiction.

Because no legitimate basis exists for removal jurisdiction, the case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**2.     Motions for Protection from Vexatious Litigant and for Attorney Fees**

This Court has inherent power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Additionally, 28 U.S.C. § 1651(a) vests this Court with the power to enjoin litigants with abusive and lengthy histories of abuse from future filings or to impose such other restrictions pre-filing as may be necessary to prevent such abuse. *Id.* The Court may also impose such other pre-filing restrictions as may be necessary to prevent such abuse. *Id.* A pre-filing order must be tailored to fit the vice that the court has encountered, and it may not prevent all of Plaintiff's lawsuits from being filed. *De Long*, 912 F.2d at 1148.

In Case No. 4:11-cv-00080-BLW, the Court reiterated the Pre-Filing Review Order it issued in Case No. 4:07-cv-00210-BLW. This Order directed the Clerk of the Court to reject any filing of action, pleading, or letters in the U.S. District Court for the

District of Idaho involving claims that had previously been found to lack merit without first obtaining leave of the Chief Judge of the Court. Those claims previously found to lack merit include: "(1) Any action involving property in the alleged homeowners development of Bear Lake West Home Owners Association, . . . or any persons associated with such corporation, . . . (2) Any action described as analogous to federal admiralty law or maritime law; and (3) Any action bearing any description arising out of or related to the subject matter of Case Nos. CV-06-477-E-JLQ, CV- 07-150-E-BLW, CV-07-209-E-BLW, and CV-07-210-E-BLW." *Pre-Filing Review Order*, *Case No. CV-07-210-E-BLW*, Dkt. 40.

This removal action involves the same facts and circumstances as Case No. 4:07-cv-00210-BLW, in which the Pre-Filing Order was entered. Yet, Heitman did not abide by the Court's previous order directing Heitman to seek pre-filing approval before removing this action. Therefore, both the Court and opposing parties' time and money has been wasted. Accordingly, the Court reiterates its previous pre-filing order as set forth below.

In addition, finding that Heitman's removal action was frivolous, unreasonable and without foundation, the Court will award Pope attorney fees under 42 U.S.C. § 1988. Pope shall file a short motion and supporting documents explaining the amount of attorney fees requested and how such fees were incurred in obtaining a remand of this case to state court. Such a motion and supporting documents shall be filed within 30 days of the date of this order. Heitman may then file a response brief, and the Court will

make a final determination. Even though the Court is remanding the case to state court, this Court will retain jurisdiction to determine the amount of fees to be paid because "the award of attorney's fees pursuant to 28 U .S.C. § 1447(c) is collateral to the decision to remand ...." *Id.*

**ORDER**

It IS ORDERED that that the above-entitled action is remanded to the district court of the Sixth Judicial District of the State of Idaho, In and For the County of Bear Lake, Case No. CV-2010-000206; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court. The Court will retain jurisdiction pursuant to 28 U.S.C. § 1447 to determine the amount of fees to be paid.

IT IS FURTHER ORDERED that Petitioner Ralph-Edward Heitman is hereby enjoined from filing or removing any further action, pleading, or letters in the United States District Court for the District of Idaho regarding the following topics, without first obtaining leave of the Chief Judge of the Court: (1) Any action involving property in the alleged homeowners development of Bear Lake West Home Owners Association, including claims containing indecipherable or nonsensical phrases and allegations involving Ralph-Edward Heitman, Bear Lake West Home Owners Association Corporation or any persons associated with such corporation, or the law firm of Racine Olsen Nye Budge & Bailey or any attorneys associated with such firm; (2) Any action described as analogous to federal admiralty law or maritime law; and (3) Any action bearing any description arising out of or related to the subject matter of Case Nos. 4:06-

cv-00477-JLQ, 4:07-cv-00150- BLW, 4:07-cv-00209-BLW, 4:07-cv-00210-BLW, 4:11-cv-00080-BLW, and 4:11-170-BLW.

IT IS FURTHER ORDERED that the Clerk of the Court shall not accept any pleadings or letters from Ralph-Edward Heitman regarding the above listed matters without first obtaining consent from the Chief Judge of the United States District Court for the District of Idaho.

DATED: November 14, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court